UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COUR FILE NO.:  12-cv-01985 JNE/TNL

Daniela Burshten, Sharon Sherman,
Michael Richey, Lynn Lerfald, Michael
McMahon, Paris Cygan, Douglas Johnson
Lisa Hoist, Lana Jensen and Alyssa
Kroening, on behalf of themselves and all
others similarly situated,

                                      **ANSWER OF DEFENDANT**

        Plaintiffs,

v.

ATM Network, Inc.

        Defendant.

---

Defendant, a Minnesota corporation, whose name has been changed from ATM Network, Inc. to I LOVE YOU ATM SERVICES, INC., for its answer to the Plaintiffs' Class Action Complaint (hereinafter the "Complaint") alleges as follows:

    1.    Except as otherwise alleged herein, Defendant denies each and every allegation, fact, matter and thing alleged in the Complaint.

    2.    The allegations in Paragraph 1 of the Complaint are largely Plaintiffs' description of this action which require no response from Defendant.  Defendant denies that it has violated the Electronic Funds Transfer Act and Regulation E promulgated thereunder and denies any and all allegations of Paragraph 1 of the Complaint that require a response.  Defendant affirmatively alleges that before any

1

Plaintiff withdrew cash from an automatic teller machine (hereinafter "ATM" or "ATMs") at the Mall of America ("MOA"), that Plaintiff received an on-screen electronic notice of the transaction fee to be charged and that after receiving said electronic notice, each of the Plaintiffs elected voluntarily to proceed with the transaction. Because the Plaintiffs agreed to pay the transaction fees in question, they have suffered no damage and lack standing to bring this action.

3. Responding to the allegations in Paragraph 2 of the Complaint, Defendant admits that personal jurisdiction and venue lies with the Court but denies that the Court has subject matter jurisdiction.

4. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of the Complaint.

5. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the Complaint.

6. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Complaint.

7. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Complaint.

8. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Complaint.

11. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Complaint.

13. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Complaint.

14. Defendant denies the allegations in Paragraph 13 of the Complaint, except that Defendant admits that it is a Minnesota corporation.

15. Responding to the allegations in Paragraph 14 of the Complaint, Defendant states that the statute and applicable regulations speak for themselves and that the allegations in Paragraph 14 of the Complaint assert a legal conclusion to which no response is required. To the extent that the allegations of Paragraph 14 of the Complaint assert that Defendant has duties that are inconsistent with the statute and applicable regulations, Defendant denies the allegations of Paragraph 14 of the Complaint. Defendant affirmatively alleges that before being charged a fee for using one of the ATMs at the MOA, each and every Plaintiff received an electronic notice on the screen of the ATM of the amount of the fee to be charged for using the ATM and after receiving that notice, each and every Plaintiff elected to voluntarily proceed with the transaction alleged in the Complaint.

16. Responding to the allegations in Paragraph 15 of the Complaint, Defendant states that the statute and applicable regulations speak for themselves and that the allegations in Paragraph 15 of the Complaint assert a legal conclusion to which no response is required. To the extent that the allegations of Paragraph 15 of the Complaint assert that Defendant has duties that are inconsistent with the statute and applicable regulations, Defendant denies the allegations of Paragraph 15 of the Complaint. Defendant affirmatively alleges that every Plaintiff who used an ATM at the MOA received an electronic on-screen notice of the amount of the fee that would be charged for using the ATM and after receiving that notice, voluntarily elected to proceed with the transaction alleged in the Complaint.

17. Defendant denies the allegations in Paragraph 16 of the Complaint.

18. Defendant denies the allegations in Paragraph 17 of the Complaint.

19. Defendant denies the allegations in Paragraph 18 of the Complaint.

20. Defendant denies the allegations in Paragraph 19 of the Complaint.

21. Defendant denies the allegations in Paragraph 20 of the Complaint.

22. Defendant denies the allegations in Paragraph 21 of the Complaint.

23. Defendant denies the allegations in Paragraph 22 of the Complaint.

24. Defendant denies the allegations in Paragraph 23 of the Complaint.

25. Defendant denies the allegations in Paragraph 24 of the Complaint.

26. Responding to the allegations in Paragraph 25 of the Complaint, Defendant admits that it was familiar with the Electronic Funds Transfer Act before

June 15, 2011, but otherwise denies the allegations in Paragraph 25 of the Complaint.

27. Defendant denies the allegations in Paragraph 26 of the Complaint.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, except that Defendant denies that it owns and operates the terminal referred to in Paragraph 27 of the Complaint.

29. Defendant is without knowledge or information sufficient to from a belief about the truth of the allegations in Paragraph 28 of the Complaint.

30. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint.

31. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Complaint, except that Defendant denies that it owns and operates the terminal referred to in Paragraph 30 of the Complaint.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

33. Defendant is without knowledge or information sufficient to from a belief about the truth of the allegations in Paragraph 32 of the Complaint.

34. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Complaint.

35.     Defendant is without knowledge or information sufficient to form belief about the truth of the allegations in paragraph 34 of the Complaint, except that Defendant denies that it owns and operates the terminal referred to in Paragraph 34 of the Complaint.

36.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

37.     Defendant is without knowledge or information sufficient to from a belief about the truth of the allegations in Paragraph 36 of the Complaint.

38.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Complaint, except that Defendant denies that it owns and operates the terminal referred to in Paragraph 37 of the Complaint.

39.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Complaint.

40.     Defendant denies the allegations in paragraph 39 of the Complaint and alleges that Plaintiff Leifald received an on-screen notice of the fee to be charged her before she decided to proceed with any transaction on the ATM.

41.     Defendant is without knowledge or information sufficient to from a belief about the truth of the allegations in Paragraph 40 of the Complaint.

42.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 of the Complaint, except

that Defendant denies that it owns and operates the terminal referred to in Paragraph 41 of the Complaint.

43. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of the Complaint.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

45. Defendant denies the allegations in Paragraph 44 of the Complaint and alleges that Plaintiff Richey received an on-screen notice of the fee to be charged him prior to Plaintiff Richey electing to proceed with any transaction that he made on the ATM.

46. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Complaint.

47. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 of the Complaint.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, except that Defendant denies that it owns and operates the terminal referred to in Paragraph 47 of the Complaint.

49. Defendant is without knowledge or information sufficient to from a belief about the truth of the allegations in Paragraph 48 of the Complaint.

50. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 of the Complaint.

51. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 of the Complaint.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

53. Defendant is without knowledge or information sufficient to from a belief about the truth of the allegations in Paragraph 52 of the Complaint.

54. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 of the Complaint, except that Defendant denies that it owns and operates the terminal referred to in Paragraph 53 of the Complaint.

55. Defendant is without knowledge or information sufficient to form belief about the truth of the allegations in paragraph 54 of the Complaint.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint.

57. Defendant is without knowledge or information sufficient to from a belief about the truth of the allegations in Paragraph 56 of the Complaint.

58. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57 of the Complaint, except

that Defendant denies that it owns and operates the terminal referred to in Paragraph 57 of the Complaint.

59. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 of the Complaint.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

61. Defendant is without knowledge or information sufficient to from a belief about the truth of the allegations in Paragraph 60 of the Complaint, except that Defendant denies that it owns and operates the terminal referred to in Paragraph 60 of the Complaint.

62. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 of the Complaint.

63. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 of the Complaint.

64. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

65. Defendant is without knowledge or information sufficient to from a belief about the truth of the allegations in Paragraph 64 of the Complaint, except that Defendant denies that it owns and operates the terminal referred to in Paragraph 65 of the Complaint.

66. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 of the Complaint.

67. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 of the Complaint.

68. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

69. Defendant is without knowledge or information sufficient to from a belief about the truth of the allegations in Paragraph 68 of the Complaint, except that Defendant denies that it owns and operates the terminal referred to in Paragraph 68 of the Complaint.

70. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69 of the Complaint.

71. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70 of the Complaint.

72. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71 of the Complaint.

73. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72 of the Complaint, except that Defendant denies that it owns and operates the terminal referred to in Paragraph 72 of the Complaint.

74. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint.

75. Defendant is without knowledge or information sufficient to from a belief about the truth of the allegations in Paragraph 74 of the Complaint.

76. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75 of the Complaint.

77. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76 of the Complaint, except that Defendant denies that it owns and operates the terminal referred to in Paragraph 76 of the Complaint.

78. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint.

79. Defendant is without knowledge or information sufficient to from a belief about the truth of the allegations in Paragraph 78 of the Complaint.

80. Defendant is without knowledge or information sufficient to from a belief about the truth of the allegations in Paragraph 79 of the Complaint.

81. Responding to the allegations in Paragraph 80 of the Complaint, Defendant denies that Paragraph 80 of the Complaint sets forth a proper class definition, denies that the purported class may be certified under Rule 23 of the Rules of Civil Procedure and otherwise denies the allegations in Paragraph 80 of the Complaint.

82. Responding to the allegations in Paragraph 81 of the Complaint, Defendant denies that Paragraph 81 of the Complaint sets forth a proper class definition, denies that the purported class may be certified under Rule 23 of the Rules of Civil Procedure and otherwise denies the allegations in Paragraph 80 of the Complaint.

83. Responding to the allegations in Paragraph 82 of the Complaint, Defendant denies numerosity as required by Rule 23 of the Rules of Civil Procedure exists for either of the purported classes, denies that either of the purported classes may be certified under Rule 23 of the Rules of Civil Procedure and otherwise denies the allegations in Paragraph 82 of the Complaint.

84. Defendant denies the allegations in Paragraph 83 of the Complaint.

85. Defendant denies the allegations in Paragraph 84 of the Complaint.

86. Responding to the allegations in Paragraph 85 of the Complaint concerning Plaintiff, Defendant denies that any of the Plaintiffs is an adequate representative and otherwise denies the allegations in Paragraph 85 of the Complaint, except that Defendant lacks knowledge or information to form a belief as to the alleged intentions or interests of the Plaintiffs.  As to the allegations of paragraph 85 of the Complaint regarding Plaintiffs' counsel, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations.

87. Defendant denies the allegations of Paragraph 86 of the Complaint.

88. Defendant denies the allegations of Paragraph 87 of the Complaint.

89. Defendant denies the allegations of Paragraph 88 of the Complaint.

90. Responding to the allegations of Paragraph 89 of the Complaint, Defendant acknowledges that Plaintiff has requested a jury trial but denies that Plaintiff is entitled to a jury trial.

91. In response to the allegations of the Complaint reincorporated by Paragraph 90 of the Complaint, Defendant realleges the responses to said allegations set forth above herein.

92. Defendant denies the allegations of Paragraph 91 of the Complaint.

93. Defendant denies the allegations of Paragraph 92 of the Complaint.

94. Defendant denies the allegations of Paragraph 93 of the Complaint.

95. Defendant denies the allegations of Paragraph 94 of the Complaint.

96. Defendant denies the allegations of Paragraph 95 of the Complaint.

**First Affirmative Defense**

97. None of the Plaintiffs have suffered actual damage because each of the Plaintiffs received an electronic on-screen notice of the fee that would be charged for withdrawing cash from the ATM in question and each Plaintiff voluntarily chose to proceed with the transaction after receiving said notice. Because none of the Plaintiffs have suffered any actual damage, none of the Plaintiffs are entitled to statutory damages and all of the Plaintiffs lack standing to bring this action.

**Second Affirmative Defense**

98.    If any of the ATMs allegedly used by a Plaintiff did not have a proper sticker notice regarding the fact that a fee would be charged for using the machine, the failure to provide the Plaintiff with a sticker notice in addition to the on-screen notice given to the Plaintiff was the result of a bona fide error and such an error does not give rise to any liability.

**Third Affirmative Defense**

99.    If there was no sticker notice on any of the ATMs allegedly used by a Plaintiff, the absence of the sticker notice resulted from a wrongful act committed by a person other than Defendant and Defendant has no liability under those circumstances.

**Fourth Affirmative Defense**

100.    Defendant acted in good faith to comply with all obligations that it might have arising under the applicable statute and regulations to provide Plaintiffs with notice of the fees to be charged to Plaintiffs for using the ATMs in question. There is no dispute that each of the Plaintiffs received an on-screen notice of the fee to be charged before the Plaintiff made a transaction on any of the ATMs.  Under these circumstances, Defendant has no liability to any of the Plaintiffs even if an ATMs allegedly used by any of the Plaintiffs did not have a proper sticker notice.

WHEREFORE, Defendant demands judgment against Plaintiffs as follows:

  A. An order dismissing Plaintiffs' Complaint with prejudice and on the merits.

  B. An order awarding Defendant its costs and expenses incurred herein; and

  C. An award of such other and further relief as the Court may deem just and equitable.

           KRAUSE & HOVLAND, CHTD.

Dated: September 19, 2012    s/David E. Krause_____
              David E. Krause (#58117)
              James B. Hovland (#47491)
              310 Groveland Avenue
              Minneapolis, MN 55403
              (612) 874-8550
              (612) 874-9362
              dkrause@krausehovland.com
              jhovland@krausehovland.com

              ATTORNEYS FOR DEFENDANT
              DEFENDANT